NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-29-HRW

LARRY RAY MILLER                                                                              PETITIONER

v.                          **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                                                          RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Larry Ray Miller is confined in the Federal Correctional Institution, in Ashland, Kentucky. Miller has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Record No. 2] and has paid the District Court filing fee of $5.00 [Record No. 4].

This matter is now ready for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines that it fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CRIMINAL CONVICTION

In his § 2241 Petition, Miller challenges his criminal conviction obtained in the London Division of this Court in 2006. *See United States of America v. Larry Ray Miller*, 6:05-CR-00064 (Hon. Danny C. Reeves, presiding) ("the Trial Court"). Petitioner Miller pled guilty to drug charges in the Trial Court. On March 27, 2006, the Trial Court imposed a 68-month sentence, plus a five-year term of supervised release [*See* Trial Court Docket Sheet, Record No. 46]. Petitioner Miller did not appeal his sentence.

CLAIMS ASSERTED IN § 2241 PETITION

The named respondent in this proceeding is E.K. Cauley, the Warden of FCI-Ashland.

In the instant § 2241 petition, Miller collaterally challenges his Trial Court conviction.

First, he claims that his conviction and sentence violate his right to due process of law guaranteed under the Fifth Amendment of the United States Constitution. Specifically, Miller challenges his conviction on the basis that no valid search warrant was ever issued by a Magistrate Judge [*See* § 2241 Petition, Record No. 2, pp.1-4].

Petitioner Miller also asserts a Sixth Amendment challenge to his conviction. He alleges that his attorney in the Trial Court rendered ineffective assistance of counsel during the criminal case. Miller states as follows:

> "Defendant counse's {sic} performance was not only ineffective, but counsel abandoned the required duty of loyalty to his client, counsel did not simply make poor strategic or tactical choices he acted with reckless disregard for his

>client best interest, and apparently with the intention to weaken his defense in his case."

[*Id.*, p.4].

The § 2241 Petition does not indicate that he filed a motion raising these claims, or that he otherwise attacked his sentence, in the Trial Court under the authority of 28 U.S.C. § 2255. Similarly, review of the docket sheet from the Trial Court does not indicate that Miller filed a § 2255 motion challenging his conviction and sentence. The last entry, dated March 29, 2006, was a notation of the filing of the Sealed Pre-Sentence Investigation Report [Record Nos. 48 and 49].

## DISCUSSION
### 1. Legal Requirements under 28 U.S.C. § 2241

Petitioner Miller is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the Trial Court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment was inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that

3

his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

1. Law Applied to Facts

The Court will dismiss the instant § 2241 petition because Petitioner Miller has not pursued his current claims in the Trial Court pursuant to 28 U.S.C. § 2255. Having first failed to seek relief in the Trial Court, the Court concludes that Miller has not demonstrated that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to test his detention.

Petitioner Miller has failed to demonstrate that he is actually innocent under a new interpretation of an applicable criminal statute or that he has not had opportunities to make these challenges before or that his remedy by Section 2255 is inadequate or ineffective for any reason.

Therefore, the instant § 2241 petition will be dismissed.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Larry Ray Miller's Petition for Writ of Habeas Corpus [Record No. 2] be **DENIED**.

**IT IS FURTHER ORDERED** that this action be **DISMISSED**, *sua sponte*, from the docket of the Court.

A judgment in favor of the named Respondent will be entered contemporaneously herewith.

This March 27, 2009.

Signed By:
Henry R Wilhoit Jr.
United States District Judge